UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| **CYRIL VETTER** *and* **VETTER COMMUNICATIONS CORP.** | * * * * * | **CIVIL ACTION: 3:23-cv-1369** |
| **VERSUS** | * * | **Chief Judge Shelly D. Dick** |
| **ROBERT RESNIK** *individually and d/b/a* **RESNIK MUSIC GROUP** | * * * * * | **Magistrate Erin Wilder-Doomes** |

**DEFENDANT'S F.R.C.P. 56(d) REQUEST FOR CONTINUANCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF CYRIL VETTER AND VETTER COMMUNICATIONS CORP.**

Robert Resnik, individually and d/b/a Resnik Music Group (hereinafter, "Defendant") hereby respectfully submits this F.R.C.P. 56(d) request for continuance in opposition to Plaintiffs' *Motion for Summary Judgment* ("Motion")(ECF 30). Defendant opposes the Motion on the grounds that Defendant has not had the opportunity to pursue discovery, specifically expert discovery, with respect to controlling and disputed issues of international law. *See* Declaration of Robert W. Clarida, attached hereto as Exhibit A ("Clarida Decl."). Accordingly, Plaintiffs' Motion is premature. Defendant requests, pursuant to F.R.C.P. 56(d), that the court (1) defer consideration of the Motion, and (2) allow the Parties sufficient time to take expert discovery with respect to the material questions of international law raised by Plaintiffs, as described herein.

1

## I. STATEMENT OF FACTS

The factual allegations of the Complaint, together with the documents attached thereto and referenced therein, allege in essence that Plaintiff Cyril Vetter and his friend Don Smith created the song *Double Shot (of my Baby's Love)* ("Song") in the summer of 1962, Complaint, ¶¶ 51-53, and the two co-authors assigned all worldwide rights in it to Windsong Music under an agreement between Windsong Music, on the one hand, and Mr. Smith and Mr. Vetter, on the other hand, ("1963 Assignment"). *Id.* ¶¶ 57-58. In 1966, Windsong obtained a U.S. copyright registration for the Song. *Id.* ¶63. Mr. Smith died in 1972. *Id.* ¶65. Plaintiff Vetter and Mr. Smith's successors in interest obtained a renewal of the U.S. copyright in the Song in 1994, resulting in a copyright renewal certificate dated Nov. 28, 1994 ("Renewal") *Id.* ¶73. Mr. Vetter's company, Vetter Communications Corp. acquired the Smith heirs' rights in the spring of 1996. *Id.* ¶76.

Later in 1996, Windsong Music executed and recorded the 1996 Assignment, which purports to "reduce to writing" a transfer of Mr. Vetter's rights to Windsong in a September 27, 1996 assignment by and between Cyril Vetter and Windsong Music Publishers, Inc. ("1996 Assignment) *Id.* ¶¶77-78. Plaintiffs dispute the validity of that assignment. *Id.* ¶79. Mr. Vetter subsequently served and recorded a termination notice under 17 U.S.C. §304, dated March 20, 2019 from counsel for Mr. Vetter to Windsong Music and Lyresong Music, Inc. ("Termination Notice"). *Id.* ¶¶84-85. The Termination Notice claimed May 3, 2022 as the effective termination date of Windsong's rights in the Song under the 1963 Assignment. *Id.* ¶85. Plaintiffs allege that Mr. Vetter "retook ownership of his authorship share" of the Song once the termination became effective, *id.* ¶92, and allege further that Defendants' counsel did not dispute the Termination Notice. *Id.* ¶102. Defendant's counsel did, however, communicate to Plaintiffs' counsel that under U.S. copyright law "a termination of transfer notice only terminates a transfer in the United

2

States. All rights outside the United States do not revert, so [Defendants] retain the copyright to [the Song] outside of the United States for the life of the copyright." *Id.* ¶105.

Defendant moved to dismiss the Complaint under Rule 12(b)(6) on December 15, 2023(ECF 12). On July 12, 2024 this Court denied the Defendant's motion to dismiss. Because the Ruling resolved a motion to dismiss, there has been no discovery. Clarida Decl. ¶5. Defendant has therefore been unable to present facts concerning international law that are essential to opposing Plaintiffs' motion for summary judgment. *Id.* ¶7.

## II. ARGUMENT

**A. Standards for Granting Rule 56(d) Request for Continuance**

F.R.C.P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(d) motions are generally favored and should be liberally granted. *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir.1991). The rule is designed to safeguard against premature or improvident grants of summary judgment. *Id.*

As the Fifth Circuit recently held in *Bailey v. KS Mgt Servs. LLC,* 35 F.4th 397 (5th Cir. 2022), the party opposing summary judgment under Rule 56(d) must only "set forth a *plausible* basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion," *id.* at 401, quoting *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016)(emphasis added).

Summary judgment is appropriate only where the parties have "had a full opportunity to conduct discovery." *McCoy v. Energy XXI GOM, L.L.C.*, 695 F. App'x 750, 758–59 (5th Cir. 2017) (per curiam) (emphasis omitted) (quoting *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002)). And Rule 56(d) permits "further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quotation omitted).

See also *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.,* 565 F.3d 948, 963 (5th Cir.2009) (quoting *Wichita Falls Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir.1992)): "a continuance of a motion for summary judgment for purposes of discovery *should be granted almost as a matter of course*," *id.* (emphasis added); *Stark v. University of Southern Miss.,* 2013 WL 5563767 (S.D. Miss. 2013) at *4 (granting 56(d) continuance where movant's "suggestion" of finding additional evidence to contest summary judgment "is not implausible"). Rule 56 "presupposes that a litigant opposing summary judgment has had an adequate time for discovery of evidence of contradictory facts." *Id.* at *6 ("Plaintiff's specified subject areas for discovery may not in the end give rise to facts precluding summary judgment in favor of Defendant . . . However, the Plaintiff has provided enough detail regarding her need for discovery for the Court to determine that requiring her to evidence facts in opposition to summary judgment at this time would be premature.") *Id.*

Accordingly, this Court (Jackson, CJ) granted a Rule 56(d) continuance in *Coleman v. Anco Insulations, Inc.*, 196 F.Supp.3d 608, 612 (M.D. La. 2016) where a party's motion for summary judgment was filed prior to the commencement of formal discovery, and thus the "due diligence" of the party seeking the continuance was not at issue. *Id.* at 612, citing *Baker v. Am. Airlines, Inc.,* 430 F.3d 750, 756 (5th Cir.2005). That is the case here.

4

To obtain a Rule 56(d) continuance in order to conduct further discovery prior to a ruling on a motion for summary judgment, the nonmovant must make three showings: (1) a description of the particular discovery it intends to seek; (2) an explanation showing how that discovery would preclude the entry of summary judgment; and (3) a statement justifying why this discovery had not been or could not have been obtained earlier." *Fruge v. Ulterra Drilling Techs., L.P.,* 883 F. Supp. 2d 692, 699 (W.D. La. 2012).

Defendant seeks expert discovery as to two fundamental issues of international law, *i.e.*, the principles of territoriality and national treatment under Article 5 of the Berne Convention. This discovery would preclude the entry of summary judgment by establishing that (1) "there are multiple and separate copyright interests in a single work in each given country throughout the world," Order at 21, and (2) the Plaintiffs' contrary theory of international copyright relations would force the U.S. to discriminate against authors of other Berne nations, by depriving them of statutory termination rights that U.S. authors enjoy. This discovery could not have been obtained earlier because there has been no discovery.

Plaintiffs' Motion for summary judgment is supported by no evidence whatsoever as to either of the questions on which discovery is sought. Defendant should be allowed the opportunity to present expert testimony on these issues.

## B.    Expert Testimony Is Appropriate With Respect to Issues of International Law

In Plaintiffs' Opposition (ECF 35) to Defendant's pending *Motion to Amend Order Pursuant to 28 U.S.C. 1292(b)*(ECF 33)("Motion to Amend"), Plaintiffs disputed the need for expert testimony on the ground that "expert testimony on *domestic* law would not be permitted in the first instance." ECF 35, at 6 (emphasis original). Plaintiffs will presumably take the same

5

position in opposing this motion under Rule 56(d), but Plaintiffs are incorrect in their assumption that only domestic law is at issue in this case.

As Defendant demonstrated in its *Motion to Amend*, the case raises significant issues under international law as well. Most importantly, this case requires the Court to apply the principle of territoriality under the Berne Convention, Art. 5, § 2, to resolve the degree to which each country grants its own domestic copyrights to works from other Berne members, or instead merely "recognizes" the copyrights granted by the source country of such works. As the Court articulated the issue in its Order, the question is whether "there are multiple and separate copyright interests in a single work in each given country throughout the world," Order (ECF 30) at 21, or a single copyright in the work's source country that does not "arise under" the laws of the countries in which it is exploited. This is not a question of U.S. domestic law but of international law, specifically the Berne Convention.

Further, this case requires the Court to apply the principle of national treatment under the Berne Convention, Berne Convention, Art. 5, § 1, *i.e.* the requirement that each country, in applying its own laws, must treat authors of foreign nations no less favorably than its own authors. Under the Plaintiffs' "one master copyright" argument, authors from outside the U.S. would not be entitled to termination rights in the U.S., because their rights do not actually "arise under" U.S. law as the Copyright Act requires, thus disadvantaging foreign authors relative to U.S. authors. This is not solely a matter of U.S. domestic law, but of international law, *i.e.*, the Berne Convention.

The Eastern District of Louisiana has held that expert testimony is admissible and appropriate in such cases, involving international conventions to which the U.S. is a signatory. In *Sunglory Maritime Ltd. v. PHL Inc.*, No. 15-896, 2016 WL 9414283 (E.D. La., Mar. 15, 2016), the

6

defendant sought to exclude the testimony of an expert witness on the subject of international law, namely an international convention on maritime salvage to which the U.S. was a party.

Like Plaintiffs here, the defendant in *Sunglory* asserted that the maritime salvage convention was not "foreign law" and thus was not a proper subject for expert testimony under Fed. R. Civ. Pro. 44.1.[1] *Sunglory* at *3. Because the convention had been adopted by the U.S., defendant argued, interpreting it was purely a matter of domestic law. *Id.*

The Court rejected defendant's arguments and permitted the expert testimony. First, the Court held that Rule 44.1 is not limited to pure issues of "foreign law" but also permits expert testimony on questions of international law, *id.* (although "the text of Rule 44.1 refers only to foreign law, not international law[,] ... courts and commentators have suggested that Rule 44.1 applies to international law as well").[2]

Citing numerous decisions that have permitted expert testimony in such circumstances,[3] the Court in *Sunglory* concluded that "the ratification of a treaty or other adoption of international law as its own by the United States *does not necessarily transform international law into 'domestic'*

---

[1] Rule 44.1 provides in pertinent part that "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."

[2] Citing and quoting *Greene v. Le Dorze*, No. 96-590, 1998 WL 158632, at *3 n.8 (N.D. Tex. Mar. 24, 1998) (citing *Friedrich v. Friedrich*, 78 F.3d 1060, 1064 (6th Cir. 1996); *United States v. Jurado–Rodriguez*, 907 F. Supp. 568, 574 (E.D.N.Y. 1995); Steinhardt, *The Role of International Law As a Canon of Domestic Statutory Construction*, 43 Vand. L. Rev. 1103, 1197 (1990)).

[3] *Nguyen Thang Loi v. Dow Chem. Co. (In re Agent Orange Prod. Liab. Litig.)*, 373 F. Supp. 2d 7, 17–18 (E.D.N.Y. 2005); *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 143 n.47 (2d Cir. 2010); *Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1164, 1179 n.13 (C.D. Cal. 2005); *Fernandez-Roque v. Smith*, 622 F. Supp. 887, 902 (N.D. Ga. 1985).

7

*law such that experts should be prohibited from testifying solely on that basis.*" 2016 WL 9414283 at *4 (emphasis added).

Therefore, the Louisiana Eastern District court in *Sunglory* rejected the argument that the international maritime salvage convention was merely "domestic law" as a result of its adoption by the U.S., and accepted expert testimony on the issue under Rule 44.1. The same result should follow here with respect to the Berne Convention. It is not simply "domestic law" by virtue of the U.S. having acceded to it in the Berne Convention Implementation Act of 1988, Pub. L 100-568 (Oct. 31, 1988), 102 Stat. 2853, codified at 17 U.S.C. § 101 *et seq.*

    **C.    Expert Testimony Would Preclude Summary Judgment With Respect to Issues of International Law**

With respect to both international-law issues identified above, expert testimony would preclude summary judgment and assist the trier of fact by clarifying complex concepts that are outside the common experience of the jury. Specifically, expert testimony as to the Berne Convention's territoriality requirement under Art. 5 § 2 would plausibly rebut Plaintiffs' unsupported assertions that the ownership of copyright in a work is subject only to the law of that work's country of origin, no matter the jurisdiction in which such ownership is asserted. Berne Art. 5 § 2 provides that protection of a work shall be determined, without exception, by the law of the country in which "protection is claimed." Under Plaintiffs' interpretation, protection is purportedly always "claimed" in the work's source country. This would render Berne Art. 5 § 2 a nullity.

As expert testimony will show, Plaintiffs rely on a false distinction between infringement actions and claims of ownership that is nowhere to be found in the Berne Convention. In fact, Plaintiff's principal authority for applying the law of a work's source country to resolve questions

8

of copyright ownership is an *infringement* case, *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82 (2d Cir. 1998), which applies a *U.S.* choice-of-law analysis to determine *initial* ownership of copyrights in Soviet-era Russian works alleged to have been *infringed in the U.S.* Expert testimony will demonstrate that the Berne Convention does not support Plaintiff's sweeping position that the law of a work's source country determines *all* ownership questions throughout the world.

Expert testimony will also establish that the principle of national treatment under the Berne Convention, Art. 5 § 1, requires the U.S. to treat authors from other Berne member nations no less favorably than it treats U.S. authors. Under Plaintiffs' theory, the U.S,. could not honor this treaty obligation because "rights" in non-U.S. works purportedly do not "arise under" U.S. law, and therefore these works could not qualify for statutory termination under 17 U.S.C. 304(c)(termination only affects rights that "arise under this title," *i.e.* U.S. copyright law). Expert testimony will establish that such an interpretation of 17 U.S.C. 304(c) would place the U.S. in violation of its national treatment obligations under the Berne Convention.

### III. CONCLUSION

For the foregoing reasons, Defendant requests that the Court (1) defer consideration of the Plaintiffs' pending Motion for *Summary Judgment*, and (2) issue a scheduling order allowing time for the Parties to take expert discovery with respect to the issues of international law that are material to the resolution of this dispute.

Respectfully submitted,

    PROVOSTY & GANKENDORFF, LLC

          */s/ Edgar D. Gankendorff*
          Edgar D. Gankendorff (LA Bar #20550)

                                Christophe B. Szapary (LA Bar #25890)
                                650 Poydras Street, Suite 2700
                                New Orleans, Louisiana  70130
                                Telephone: 504-410-2795
                                Facsimile: 504-410-2796
                                egankendorff@provostylaw.com
                                cszapary@provostylaw.com
                                *Attorneys for Defendant*

AND

                                **REITLER KAILAS & ROSENBLATT LLP**
                                Robert W. Clarida (admitted *pro hac vice*)
                                Brian D. Caplan (admitted *pro hac vice*)
                                885 Third Avenue, 20th Floor
                                New York, New York 10022
                                Telephone: (212) 209-3059
                                bcaplan@reitlerlaw.com
                                rclarida@reitlerlaw.com
                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed this 30th day of August, 2024, day electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                           */s/ Edgar D. Gankendorff*
                                           Edgar D. Gankendorff