UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CYRIL VETTER** *and* **VETTER COMMUNICATIONS CORP.** | * * * * * | **CIVIL ACTION: 3:23-cv-1369** |
| **VERSUS** | * * | **Chief Judge Shelly D. Dick** |
| **ROBERT RESNIK** *individually and d/b/a* **RESNIK MUSIC GROUP** | * * * * * | **Magistrate Erin Wilder-Doomes** |

## STATEMENT OF FACTS

The factual allegations of the Complaint, together with the documents attached thereto and referenced therein, allege in essence that Plaintiff Cyril Vetter and his friend Don Smith created the song *Double Shot (of my Baby's Love)* ("Song") in the summer of 1962, Complaint, ¶¶ 51-53, and the two co-authors assigned all worldwide rights in it to Windsong Music under an agreement between Windsong Music, on the one hand, and Mr. Smith and Mr. Vetter, on the other hand, ("1963 Assignment"). *Id.* ¶¶ 57-58. In 1966, Windsong obtained a U.S. copyright registration for the Song. *Id.* ¶63. Mr. Smith died in 1972. *Id.* ¶65. Plaintiff Vetter and Mr. Smith's successors in interest obtained a renewal of the U.S. copyright in the Song in 1994, resulting in a copyright renewal certificate dated Nov. 28, 1994 ("Renewal") *Id.* ¶73. Mr. Vetter's company, Vetter Communications Corp. acquired the Smith heirs' rights in the spring of 1996. *Id.* ¶76.

Later in 1996, Windsong Music executed and recorded the 1996 Assignment, which purports to "reduce to writing" a transfer of Mr. Vetter's rights to Windsong in a September 27,

1

1996 assignment by and between Cyril Vetter and Windsong Music Publishers, Inc. ("1996 Assignment) *Id.* ¶¶77-78. Plaintiffs dispute the validity of that assignment. *Id.* ¶79. Mr. Vetter subsequently served and recorded a termination notice under 17 U.S.C. §304, dated March 20, 2019 from counsel for Mr. Vetter to Windsong Music and Lyresong Music, Inc. ("Termination Notice"). *Id.* ¶¶84-85. The Termination Notice claimed May 3, 2022 as the effective termination date of Windsong's rights in the Song under the 1963 Assignment. *Id.* ¶85. Plaintiffs allege that Mr. Vetter "retook ownership of his authorship share" of the Song once the termination became effective, *id.* ¶92, and allege further that Defendants' counsel did not dispute the Termination Notice. *Id.* ¶102. Defendant's counsel did, however, communicate to Plaintiffs' counsel that under U.S. copyright law "a termination of transfer notice only terminates a transfer in the United States. All rights outside the United States do not revert, so [Defendants] retain the copyright to [the Song] outside of the United States for the life of the copyright." *Id.* ¶105.

Defendant moved to dismiss the Complaint under Rule 12(b)(6) on December 15, 2023(ECF 12). On July 12, 2024 this Court denied the Defendant's motion to dismiss. Because the Ruling resolved a motion to dismiss, there has been no discovery. Clarida Decl. ¶5. Defendant has therefore been unable to present facts concerning international law that are essential to opposing Plaintiffs' motion for summary judgment. *Id.* ¶7.

                               **PROVOSTY & GANKENDORFF, LLC**

                               */s/ Edgar D. Gankendorff*
                               Edgar D. Gankendorff (LA Bar #20550)
                               Christophe B. Szapary (LA Bar #25890)
                               650 Poydras Street, Suite 2700
                               New Orleans, Louisiana 70130
                               Telephone: 504-410-2795
                               Facsimile: 504-410-2796
                               *Attorneys for Defendants*

AND

**REITLER KAILAS & ROSENBLATT LLP**
Robert W. Clarida (admitted *pro hac vice*)
Brian D. Caplan (admitted *pro hac vice*)
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 209-3059
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been forwarded to all counsel of record by the CM/ECF system, this 1st day of September, 2024.

*/s/ Edgar D. Gankendorff*