UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| **CYRIL VETTER** *and* **VETTER COMMUNICATIONS CORP** | * * * * * |  |
| **VERSUS** | * * * | CIVIL ACTION: 3:23-cv-01369-SDD-EWD |
| **ROBERT RESNIK** *individually and d/b/a* **RESNIK MUSIC GROUP** | * * * |  |

* * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

The plaintiffs, Cyril Vetter and Vetter Communications Corp, by and through the undersigned counsel, respectfully submit this reply memorandum in support of their *Motion for Summary Judgment* (the "*Motion*").[1] Instead of responding to the *Motion* head on, the defendant has invoked Rule 56(d) of the Federal Rules of Civil Procedure to request that the Court defer any consideration of the *Motion* until such time as the defendant can obtain expert discovery on "material questions of international law."[2] For the reasons stated herein, the defendant's request should be denied, and the *Motion* should be granted without further delay.

**1.      The Defendant's Rule 56(d) Request Should Be Denied.**

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, "a district court may defer or deny a summary judgment motion, or allow additional time for discovery, if a 'nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *January v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023) (quoting

---

[1] Rec. Doc. 30.
[2] Rec. Doc. 37, at 1.

1

Fed. R. Civ. P. 56(d)). Importantly, Rule 56(d) may not be invoked on the mere assertion that discovery is incomplete. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990). In fact, nothing in Rule 56 requires that *any* discovery take place before summary judgment can be granted. *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016). Instead, the propriety of Rule 56(d) discovery turns on whether the additional discovery requested is legitimately needed and whether it is likely to create a genuine issue of material fact. *See Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017). The defendant's request falls short of this standard in both respects.

As an initial matter, Rule 56(d) discovery is not appropriate in this instance because the *Motion* turns on questions of law—specifically, the interpretation of the renewal provisions of the Copyright Act of 1909 and the reversion provisions of the Copyright Act of 1976. *See Kemp v. G.D. Searle & Co.*, 103 F.3d 405, 407 (5th Cir. 1997) ("Questions of statutory interpretation are questions of law.").[3] Simply put, Rule 56(d) discovery is reserved for litigants who cannot adequately oppose summary judgment for lack of essential *facts*, not for lack of legal arguments. *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016) (requiring "a specific piece of evidence that would likely create a material fact issue."). As such, the defendant's request should be denied on this basis alone. *See, e.g., Cook v. Hopkins*, 795 F. App'x 906, 920 (5th Cir. 2019), *Hunt v. Johnson*, 90 F. App'x 702, 704 (5th Cir. 2004), *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 937 (5th Cir. 1994, *Rosas v. U.S. Small Bus. Admin.*, 964 F.2d 351, 359 (5th Cir. 1992).

Even if Rule 56(d) was an appropriate vehicle to seek "legal" discovery, the defendant's attempt to derail consideration of the *Motion* should still be denied because he has not established

---

[3] Even assuming *arguendo* that the Court was required to interpret foreign law or the Berne Convention in order to resolve the *Motion*, that would not change the purely legal nature of the issues presented. *See Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of Republic of Venezuela*, 575 F.3d 491, 498 n. 8 (5th Cir. 2009) ("[T]he content of foreign law is a question of law").

a genuine need for expert testimony on foreign law or the Berne Convention. The defendant premises his request for expert discovery on Article 5 of the Berne Convention, which he says establishes a multiplicity of copyrights in a given work.[4] Yet, the Court has already rejected this argument,[5] and, here again, the defendant fails to provide a single citation in support of such a consequential position. Instead, the defendant now asks the Court to allow him time to find an expert to do the work of persuasion that he has thus far failed to do. Perhaps he would be successful. It is unremarkable that a party might "find an expert who would state the law in the light most favorable to its position." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997). But to what end? No expert testimony the defendant may muster could cause the Court to ignore the Fifth Circuit's view that a copyright is "held" in its country of origin regardless of the country in which an infringement action accrues. *See Canadian Standards Ass'n v. P.S. Knight Co., Ltd.*, 112 F.4th 298, 303 (5th Cir. 2024) (citing cases). That view is wholly irreconcilable with the defendant's supposition that a single work is afforded 181 different copyrights throughout the Berne Convention countries, each of which is "held" in the country where an infringement action is pursued. Moreover, no expert opinion can change the fact that questions regarding the "national treatment" owed to foreign copyright holders are irrelevant to Mr. Vetter (an American citizen) and his rights in the Song (an American copyright). In fact, the entire discussion of "national treatment" is merely a nonjusticiable[6] rabbit hole that the defendant hopes to goad the Court to go down. But there is no judicial economy or fairness in delaying resolution of the *Motion* in order to

---

[4] Rec. Doc. 37, at 6.

[5] Rec. Doc. 28, at 23 ("Defendant points to no authority, and the Court has found none, that directly supports the theory that the Berne Convention creates separate copyrights in each of the member countries.").

[6] *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000) (Ginsberg, J.) ("Article III standing [requires] injury to the plaintiff."), *Cent. & S. W. Servs., Inc. v. U.S. E.P.A.*, 220 F.3d 683, 690 (5th Cir. 2000) ("[T]he plaintiff must show some hardship in order to establish ripeness.").

permit the defendant to procure expert discovery on questions which are not properly before the Court in the first instance.

Notably, the defendant's alleged need for expert discovery regarding the legal issues presented by the *Motion* is entirely undercut by positions he has taken elsewhere in this proceeding. For example, in seeking interlocutory appeal of the Court's previous *Ruling*,[7] the defendant has asked the Court to immediately certify these same issues to the Fifth Circuit to provide "guidance" and avert "the potential destabilization of long-settled business practices throughout the music publishing industry, both nationwide and worldwide."[8] The overt fearmongering aside, the defendant has yet to explain why the Fifth Circuit is capable of doing what the Court supposedly cannot: decide the legal issues presented *without* expert testimony. Additionally, the defendant previously represented to the Court that no expert discovery would be needed to support his positions.[9] To now allow him to delay consideration of the *Motion* without any explanation for his backtracking seems patently unfair to the plaintiffs. At a minimum, these contradictions call into serious doubt the legitimacy of the defendant's stated need for expert testimony.

Finally, the plaintiffs note that the current lack of expert testimony in this proceeding is entirely of the defendant's own design, as he is the party that previously moved to stay discovery.[10] As such, the defendant's claim that he has not "had the opportunity to pursue discovery" is misleading. In fact, the defendant had ample time to conduct discovery, he simply chose not to pursue any. The defendant's Rule 56(d) request is properly denied on this basis alone. *Spencer v.*

---

[7] Rec. Doc. 28.
[8] Rec. Doc. 33, at 2.
[9] Rec. Doc. 18, at 3-4.
[10] The plaintiffs joined in the *Motion to Stay* (Rec. Doc. 21) at the defendant's request, and solely based on assurances that no discovery (fact or expert) was needed.

*FEI, Inc.*, 725 F. App'x 263, 269 (5th Cir. 2018) ("[L]ack of diligence in pursuing discovery precludes […] relief under Rule 56(d).").

### 2. The Court Should Grant the Motion.

The defendant has made it clear that he has no statutory or judicial precedent to support a cogent rebuttal to the Court's legal conclusions in the *Ruling*. Those legal conclusions form the basis of the *Motion*, and, together with the plaintiffs' *Statement of Material Facts*, are uncontroverted.[11] Accordingly, the *Motion* should be granted without further delay. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) ("If the additional discovery will not likely generate evidence germane to the summary judgment motion, the district court may, in its discretion, proceed to rule on the motion without further ado.").

The plaintiffs wish to clarify one point previously noted by the Court in the *Ruling* and more recently raised by the defendant in his briefings. Subparagraph (iii) of the prayer in the *Complaint* seeks both a declaration that "defendant has no right to exploit [the Song] anywhere in the world" but also asks the Court to "permanently enjoin[] the defendant from doing the same."[12] This aspect of the requested relief was intended to incorporate and reflect the Court's authority to restrict the defendant's conduct based on the so-called "predicate act" doctrine. That doctrine allows a court to enjoin a predicate act of infringement *inside* the United States that initiates further infringement abroad. *See, e.g., Grecco v. Age Fotostock Am., Inc.,* 2021 WL 4555599, at *6 (S.D.N.Y. 2021). On reflection, however, the plaintiffs concede that the less-than-exact wording of subparagraph (iii) is too easily construed as a broader (and improper) request to restrict *all* infringing activities regardless of where they occur. In fact, the defendant appears to have

---

[11] Because the defendant failed to admit, deny, or qualify as required by Local Rule 56(c), the S*tatement of Material Facts* is deemed admitted pursuant to Local Rule 56(f).

[12] Rec. Doc. 1, at 18.

5

construed it as just that.[13] Of course, the prayer for relief itself is not part of the plaintiffs' "claims" and is, therefore, irrelevant for purposes of summary judgment. *See, e.g., Wagnon v. Rocklin Unified Sch. Dist.*, 2023 WL 4352623, at *14 (E.D. Cal. July 5, 2023), *McFarthing v. Colone*, 2020 WL 3250740, at *10 (N.D. Ill. 2020). Nevertheless, to the extent that the defendant seeks to delay or defeat summary judgment based on an—admittedly—inarticulate aspect of the prayer for relief, the plaintiffs concede that any request to enjoin purely foreign conduct would be properly denied by the Court. Accordingly, the plaintiffs revise their request for summary judgment as is necessary to expressly exclude any right to such injunctive relief, leaving only the declaration of rights in the Song for consideration. This concession should allow the Court to evaluate the merits of the parties' ownership claims without any extraneous issues.

Respectfully submitted,

**WELLS & KAPPEL, LLP**

/s/ Timothy Kappel
Timothy R.W. Kappel, LA Bar No. 32881 (Lead Attorney)
1615 Poydras Street, Suite 900
New Orleans, Louisiana 70112
Telephone: (504) 905-2012
Email: tkappel@wellskappel.com

*Counsel for Cyril Vetter and Vetter Communications Corp.*

---

[13] *See* Rec. Doc. 33-1, at 15, n. 6.

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 18, 2024, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be served upon all counsel of record by operation of the Court's electronic filing system.

                                                        /s/ Timothy Kappel