UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CYRIL E. VETTER, ET AL. | CIVIL ACTION |
| VERSUS | 23-1369-SDD-EWD |
| ROBERT RESNIK | |

### RULING

This matter is before the Court on the *Motion to Amend Order Pursuant to 28 U.S.C. § 1292(b)*[1] filed by Defendant, Robert Resnik, individually and d/b/a Resnik Music Group ("Defendant"), which moves the Court to certify its prior Ruling[2] on Defendant's Motion to Dismiss[3] for interlocutory appellate review. Plaintiffs, Cyril E. Vetter ("Vetter") and Vetter Communications Corporation ("Vetter Communications") (collectively, "Plaintiffs") filed an *Opposition*.[4] For the reasons that follow, the *Motion* will be denied.

### I.   BACKGROUND

Plaintiffs initiated this copyright litigation by filing a Complaint on September 27, 2023.[5] In short, Plaintiffs filed suit seeking a declaratory judgment of sole copyright ownership throughout the world of a musical work ("the Song"). The Song was co-written by Vetter and his friend, Don Smith ("Smith"), in 1962.[6] In 1963, Vetter and Smith assigned exclusive, worldwide rights in the Song to Windsong Music Publishers, Inc. ("Windsong")

---

[1] Rec. Doc. 33.
[2] Rec. Doc. 28.
[3] Rec. Doc. 12.
[4] Rec. Doc. 35.
[5] Rec. Doc. 1. The Court provided a detailed overview of the factual background in its prior Ruling on Defendant's Motion to Dismiss (*see* Rec. Doc. 28).
[6] Rec. Doc. 1, ¶¶ 51–53.

in exchange for one dollar.[7] In 1966, Windsong obtained a U.S. copyright registration for the Song.[8] Smith died in 1972.[9] In 1994, after the term of Windsong's original copyright expired, Smith's heirs and Vetter obtained a renewal copyright[10] in the Song.[11] As explained in more detail in the prior Ruling, Vetter's renewal copyright interest vested in Windsong.[12] However, Smith's heirs retained their portion of the renewal copyright.[13] Vetter Communications purchased Smith's heirs' renewal copyright interest in 1996.[14]

In 2019, Vetter prepared and transmitted a Notice of Termination[15] purporting to terminate all rights in the Song that he had granted Windsong in 1963, thereby "recapturing" those rights.[16] Later that year, Windsong sold its assets to Defendant.[17]

On December 15, 2023, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[18] Defendant argues Plaintiffs have no legal rights to the Song outside of the United States.[19] More specifically, Defendant argues that the statutory mechanisms of copyright renewal and termination have no effect outside the

---

[7] *Id.* at ¶¶ 57–59.
[8] *Id.* at ¶ 63.
[9] *Id.* at ¶ 65.
[10] Copyright renewal terms were provided for in the Copyright Act of 1909, which stated: "[T]he author of [a copyrighted] work, if still living, or the widow, widower, or children of the author, if the author be not living, or if such author, widow, widower, or children be not living, then the author's executors, or in the absence of a will, his next of kin shall be entitled to a renewal and extension of the copyright in such work for a further term of twenty-eight years when application for such renewal and extension shall have been made to the copyright office and duly registered therein within one year prior to the expiration of the original term of copyright." *Stewart v. Abend*, 495 U.S. 207, 217 (1990) (quoting 17 U.S.C. § 24 (1976 ed.). This provision was originally found at § 23 of the 1909 Act.
[11] *Id.* at ¶ 73.
[12] *Id.* at ¶ 74.
[13] *Id.* at ¶¶ 108, 109.
[14] *Id.* at ¶ 76.
[15] As explained in more detail in the Court's prior Ruling, a copyright termination is a statutory mechanism that allows the termination and recapture of rights in a copyrighted work that were previously alienated. *See* Copyright Act of 1976, Section 304.
[16] *Id.* at ¶¶ 84, 85.
[17] *Id.* at ¶¶ 89.
[18] Rec. Doc. 12.
[19] *See* Rec. Doc. 12-1.

United States; accordingly, Defendant maintains they retained rights to the Song in all countries other than the United States.[20]

The Court denied Defendant's motion to dismiss.[21] Summarily, the Court found Defendant's legal theories were not established by binding authority and Plaintiffs' arguments were sufficiently plausible to survive dismissal.[22]

On July 23, 2023, Plaintiffs moved for summary judgment, arguing the absence of dispute as to the material facts entitling Plaintiffs to judgment in their favor as a matter of law.[23] The motion for summary judgment remains pending.

Now, Defendant moves the Court to amend its prior Ruling pursuant to 28 U.S.C. § 1292(b) to allow for interlocutory appeal of the denial of Defendant's motion to dismiss.[24]

## II.   LAW AND ANALYSIS

### A. Certification for Interlocutory Appeal under 28 U.S.C. § 1292(b)

Certification of an interlocutory appeal under section 1292(b) is appropriate only when: (1) the order from which the appeal is taken involves a "controlling question of law"; (2) there is "substantial ground for difference of opinion" concerning the issue; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[25] A district court cannot certify an order for interlocutory appeal unless all three criteria are present.[26] Permitting interlocutory appeals is within the district court's sound

---

[20] *Id.*
[21] Rec. Doc. 28.
[22] *Id.*
[23] Rec. Doc. 30. Defendant filed a Request for Continuance in opposition to the motion for summary judgment (Rec. Doc. 37).
[24] Rec. Doc. 33.
[25] 28 U.S.C. § 1292(b).
[26] *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981) ("Section 1292(b) sets out three criteria all of which must be met before the district court may properly certify an interlocutory order for appeal").

discretion.[27] When a district court certifies an appeal under section 1292(b), the court of appeals must still determine that the certification requirements have been met.[28] Additionally, the Fifth Circuit cautions that interlocutory appeals are "exceptional," and "assuredly do[ ] not lie simply to determine the correctness" of an order.[29]

Regarding the first requirement, "[a]lthough the resolution of an issue need not necessarily terminate an action in order to be controlling .... [w]hether an issue of law is controlling usually 'hinges upon its potential to have some impact on the course of the litigation.'"[30] "On the other hand, an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings."[31] Defendant argues and Plaintiffs concede that this requirement of section 1292(b) is met. There can be no serious dispute that the Court's prior Ruling involves controlling questions of law because it entails a determination of the legal scope of Plaintiffs' rights in the Song based on statutory copyright renewals and terminations. Accordingly, the Court finds that the first requirement is satisfied.

However, the Court finds the requirement that interlocutory appeal would materially advance the litigation is not met. With respect to this requirement, Defendant argues, "[n]either the Court nor the parties should be required to expend the considerable time and expense involved in fact discovery, foreign law expert discovery, summary judgment and trial, when there are threshold controlling questions of law over a novel theory, the resolution of which could well require dismissal."[32] But this assertion, particularly the focus

---

[27] See Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 47 (1995).
[28] See Castellanos-Contreras v. Decatur Hotels, LLC, 622 F.3d 393, 399 (5th Cir. 2010) (en banc).
[29] Clark-Dietz & Associates-Engineers, Inc. v. Basic Construction Co., 702 F.2d 67, 67–69 (5th Cir. 1983).
[30] United States v. Louisiana Generating, LLC, 2012 WL 4588437, *2 (M.D. La. 2012) (quoting Tesco v. Weatherford Int'l, Inc., 722 F. Supp. 2d 755, 766 (S.D. Tex. 2010)).
[31] Id. (quoting Tesco, 722 F.Supp.2d at 766).
[32] Rec. Doc. 33-1, p. 27.

on the need for fact discovery and trial, is undercut by the Status Report entered by Plaintiffs and Defendant which represents that "[t]he parties believe that the issues presented herein are purely legal and may be decided without a trial."[33] Indeed, Defendant has thus far not pointed to any contested point of underlying fact, instead focusing on the legal viability of Plaintiffs' action.

The Court finds that interlocutory appeal would not materially advance resolution of this matter,[34] including Plaintiffs' pending motion for summary judgment, after which the parties will have sufficient opportunities to challenge the correctness of the Court's findings in the normal course.

### III. CONCLUSION

For foregoing reasons, the *Motion to Amend Order Pursuant to 28 U.S.C. § 1292(b)*[35] filed by Defendant, Robert Resnik, individually and d/b/a Resnik Music Group, is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 13 day of November, 2024.

*Shelly D. Dick*
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[33] Rec. Doc. 18, p. 4.
[34] For this reason, and because all three requirements of section 1292(b) must be met in order to properly certify an order for appeal, the Court finds it unnecessary to address in full detail the second requirement of a "substantial ground for difference of opinion."
[35] Rec. Doc. 33.