UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CYRIL E. VETTER, ET AL.                      CIVIL ACTION

VERSUS                                       23-1369-SDD-EWD

ROBERT RESNIK

### RULING

Before the Court is the *Request for Continuance in Opposition to Motion for Summary Judgment*[1] filed by Defendant, Robert Resnik, individually and d/b/a Resnik Music Group ("Defendant") pursuant to Federal Rule of Civil Procedure 56(d). Plaintiffs, Cyril E. Vetter and Vetter Communications Corporation (collectively, "Plaintiffs") oppose the request.[2] For the following reasons, Defendant's request will be denied, and Defendant shall have until close of business on November 27, 2024 to file a substantive opposition to Plaintiffs' Motion for Summary Judgment.

### I.  BACKGROUND

The Court explained the factual background of this copyright case in detail in its prior Ruling[3] denying Defendant's Motion to Dismiss.[4] To summarize, Plaintiffs filed this action seeking a declaration of sole copyright ownership throughout the world of a musical work ("the Song").[5] Defendant moved to dismiss, arguing Plaintiffs have no legal rights to

---

[1] Rec. Doc. 37.
[2] Rec. Doc. 42.
[3] Rec. Doc. 28.
[4] Rec. Doc. 12.
[5] *See* Rec. Doc. 1.

the Song outside of the United States based on principles of copyright law.[6] The Court denied the Motion, finding Plaintiffs' legal arguments more plausible than Defendant's.[7]

After the denial of Defendant's Motion to Dismiss, Plaintiffs filed a Motion for Summary Judgment[8] which remains pending. In response to the Motion for Summary Judgment, Defendant filed the instant Request for Continuance[9] pursuant to Federal Rule of Civil Procedure ("Rule") 56(d). Plaintiffs oppose the request.[10]

## II.　LAW AND ANALYSIS

Rule 56(d) provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.[11]

"[A] request to stay summary judgment under Rule 56(d) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[12] "In order to obtain additional discovery under this Rule, [the movant] 'must show (1) why they need additional discovery and (2) how that discovery will create a genuine issue of material fact.'"[13] "If the requesting

---

[6] *See* Rec. Doc. 12-1.
[7] *See* Rec. Doc. 28.
[8] Rec. Doc. 30.
[9] Rec. Doc. 37.
[10] Rec. Doc. 42.
[11] Fed. R. Civ. P. 56(d).
[12] *Renfroe v. Parker*, 974 F.3d 594, 601 (5th Cir. 2020).
[13] *Guidry v. Georgia Gulf Lake Charles L.L.C.*, 479 F. App'x 642, 644 (5th Cir. 2012) (quoting *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)) (cleaned up).

party 'has not diligently pursued discovery, however, she is not entitled to relief' under Rule 56(d)."[14]

Defendant asks the Court to defer consideration of Plaintiffs' Motion for Summary Judgment so that Defendant can obtain "expert discovery as to two fundamental issues of international law, *i.e.*, the principles of territoriality and national treatment under Article 5 of the Berne Convention."[15] However, Defendant does not point to any *factual* issue requiring additional discovery; instead, Defendant's proposed expert discovery would advance purely legal arguments. The Fifth Circuit has explained,

> Rule 56(d) allows the district court to provide additional time for discovery before ruling on a motion if the nonmovant shows an inability to support its opposition **factually**. Fed. R. Civ. P. 56(d). While "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted," *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citation omitted), the party filing the motion must demonstrate "how additional discovery will **create a genuine issue of material fact**." *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (citation omitted). More specifically, "the non-moving party must 'set forth a plausible basis for believing that **specified facts**, susceptible of collection within a reasonable time frame, probably exist and indicate **how the emergent facts**, if adduced, will influence the outcome of the pending summary judgment motion.'" *Biles*, 714 F.3d at 894 (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).[16]

As the foregoing language reflects, Rule 56(d) motions are meant to benefit parties who lack adequate facts–not legal arguments. Defendant seeks expert discovery on purely legal issues which the Court already analyzed in depth in its prior Ruling[17] denying

---

[14] *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Beattie*, 254 F.3d at 606).
[15] Rec. Doc. 37, p. 5.
[16] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016).
[17] Rec. Doc. 28.

Defendant's Motion to Dismiss. Accordingly, the request for a continuance on this basis is denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's *Request for Continuance in Opposition to Motion for Summary Judgment*[18] is DENIED. Defendant shall have until close of business on November 27, 2024, to file a substantive opposition to Plaintiffs' Motion for Summary Judgment.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 13 day of November, 2024.

*[signature]*
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[18] Rec. Doc. 37.