UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| **CYRIL VETTER** *and* **VETTER COMMUNICATIONS CORP** | CIVIL ACTION: 3:23-cv-1369 |
| **VERSUS** | Chief Judge Shelly D. Dick |
| **ROBERT RESNIK** *individually and d/b/a* **RESNIK MUSIC GROUP** | Magistrate Erin Wilder-Doomes |

**DEFENDANT'S F.R.C.P. 56 MEMORANDUM OF LAW
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF CYRIL VETTER
AND VETTER COMMUNICATIONS CORP.**

Robert Resnik, individually and d/b/a Resnik Music Group (hereinafter, "Defendant") hereby respectfully submits this F.R.C.P. 56 memorandum of law in opposition to Plaintiffs' *Motion for Summary Judgment* ("Motion")(Rec. Doc. 30). Defendant opposes the Motion on the grounds stated in its prior submissions in this matter, as identified below. Accordingly, Plaintiffs' Motion should be denied in all respects.

## I.    PROCEDURAL HISTORY

Defendant moved to dismiss the Complaint under Rule 12(b)(6) on December 15, 2023(Rec. Doc. 12)("Dismissal Brief"). On July 12, 2024 this Court denied the Defendant's motion to dismiss. (Rec. Doc. 28)("Dismissal Ruling"), finding the Plaintiffs' legal position to be "plausible." Dismissal Ruling at 39. Plaintiffs then filed the pending motion for summary

judgment on July 23, 2024 (Rec. Doc. 30)("Pending Motion"), and the following day Defendant submitted a motion to amend the Dismissal Ruling to certify it for interlocutory appeal under 28 U.S.C. 1292(b)(Rec. Doc. 33)("1292(b) Brief").

The Court denied the Defendant's motion to amend for certification on November 13, 2024 (Rec. Doc. 43), on the grounds that certification for interlocutory appeal would not materially advance the litigation, *id*. at 4. The Court took no position on the merits of either party's legal arguments, *id*. at 5, n.34, and ordered a schedule for the submission of briefs on the Pending Motion for summary judgment. (Rec. Doc. 44). That schedule was extended on consent to allow Defendant to submit its memorandum of law in opposition on or before December 18, 2024. (Rec. Doc. 46). This memorandum is timely submitted under that amended briefing schedule.

## II. ARGUMENT

### A. Standards for Granting Rule 56 Summary Judgment

Rule 56 provides that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

The United States Supreme Court has held that there is "no genuine issue for trial" only "[w]here the record taken as a whole *could not* lead a rational trier of fact to find for the nonmoving party." *Matsushita Electric Industrial Co. v. Zenith Radio Corp*, 487 U.S. 574, 587 (1986)(emphasis added). In the Fifth Circuit, this standard has been articulated as requiring the

movant to establish "*beyond peradventure* all of the essential elements of the claim or defense." Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986(emphasis added).

Mere plausibility is not sufficient at the summary judgment stage. *See, e.g., Franklin v. Beeville City, Texas*, No. 20-40602, 2021 WL 5985348, at *2 (5th Cir. Dec. 15, 2021)(movant's "reliance on *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), is misplaced, as that decision concerns dismissals for failure to state a claim, not summary judgment"); *Bartholemew v. Bail Bonds Unlimited, Inc.*, No. CIV.A. 05-4165, 2008 WL 4286363, at *4 (E.D. La. Sept. 17, 2008)("while the Plaintiff's complaint sufficiently clears the plausibility hurdle of [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)], summary judgment has a higher standard of proof"); *In re Fieldwood Energy LLC*, No. 20-33948, 2021 WL 4839321, (Bankr. S.D. Tex., Oct. 15, 2021) ("Quarter North pleads a plausible claim for relief in Count II, but it is not entitled to summary judgment").

**B. This Court Should Deny The Pending Motion for Summary Judgment**

Based upon the reasons and authorities set forth in Defendant's Dismissal Brief and Defendant's 1292(b) Brief, incorporated herein by reference, the Pending Motion for summary judgment should be denied in all respects. The plain language of the current Copyright Act, U.S. Supreme Court authority interpreting the Copyright Act of 1909 , the principle of territoriality under Art. 5, § 2 of the Berne Convention, and the principle of national treatment under Art. 5, § 1 of the Berne Convention all refute Plaintiffs' admittedly novel theory that ownership of copyright in a work is subject only to the law of that work's country of origin, no matter the jurisdiction in which such ownership is asserted.

## III. CONCLUSION

For the foregoing reasons, Defendant requests that the Court deny Plaintiffs' pending Motion for *Summary Judgment* in all respects.

December 18, 2024
New Orleans, Louisiana

**PROVOSTY & GANKENDORFF, LLC**

/s/*Edgar D. Gankendorff*
Edgar D. Gankendorff (LA Bar #20550)
Christophe B. Szapary (LA Bar #25890)
650 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: 504-410-2795
Facsimile: 504-410-2796
*Attorneys for Defendant*

AND

**REITLER KAILAS & ROSENBLATT LLP**

Robert W. Clarida (admitted *pro hac vice*)
Brian D. Caplan (admitted *pro hac vice*)
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 209-3059
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com

*Attorneys for Defendant*