# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CYRIL E. VETTER, ET AL. | CIVIL ACTION |
| VERSUS | 23-1369-SDD-EWD |
| ROBERT RESNIK | |

## RULING

This matter is before the Court on the Motion for Summary Judgment[1] filed by Plaintiffs Cyril E. Vetter and Vetter Communications Corporation (collectively, "Plaintiffs"). Defendant Robert Resnik, individually and d/b/a Resnik Music Group ("Defendant"), filed an Opposition,[2] to which Plaintiffs filed a Reply.[3] For the reasons that follow, the Motion will be granted.

### I. BACKGROUND

The following underlying facts of this copyright case are undisputed. In 1962, Plaintiff Cyril E. Vetter ("Vetter") and his friend Don Smith ("Smith") co-authored a song entitled "Double Shot (Of My Baby's Love)" (the "Song").[4] In 1963, Vetter and Smith assigned all of their interests in the Song to Windsong Music Publishers, Inc. ("Windsong").[5] In exchange for the agreed-upon price of one dollar, Windsong purchased exclusive rights to the Song throughout the world for the full term of copyright protection, as well as a "contingent assignment of all renewal period rights" under the Copyright Act

---

[1] Rec. Doc. 30.
[2] Rec. Doc. 48.
[3] Rec. Doc. 49.
[4] Rec. Doc. 1, ¶¶ 51–53. See also Rec. Doc. 48-1, p. 1.
[5] Rec. Doc. 32-4, p. 2; Rec. Doc. 48-1, p. 2.

of 1909.[6] This transfer of rights to Windsong will be referred to throughout this Ruling as the "Initial Assignment."

In 1966, Windsong obtained a U.S. copyright registration for the Song (the "Original Copyright").[7] The registration, secured under the Copyright Act of 1909, was to subsist for twenty-eight years with a possible renewal term for an additional period of the same length.[8]

Smith died in 1972.[9] In 1994 (after the twenty-eight-year term of Windsong's Original Copyright ended), Smith's heirs and Vetter obtained a renewal copyright in the Song (the "Renewal Copyright").[10] However, as mentioned above, Smith and Vetter both transferred their renewal interests to Windsong in the Initial Assignment in 1963.[11] The parties agree that such a renewal interest assignment is only enforceable against an author if he is living when those rights vest; in other words, an author's grant of the renewal interest is "contingent" upon the author being alive at the commencement of the renewal period.[12] Accordingly, Plaintiffs concede that Vetter's promise of his Renewal Copyright interest to Windsong in the Initial Assignment was enforceable because Vetter was alive at the time the renewal rights vested.[13] Therefore, Vetter's share of the Renewal Copyright went to Windsong.[14] Conversely, because Smith was not alive at the time the

---

[6] *Id. See also* Rec. Doc. 1-2.
[7] Rec. Doc. 1, ¶ 63. *See also* Rec. Doc. 48-1, p. 2.
[8] *Id.* at ¶ 64.
[9] Rec. Doc. 32-4, p. 2; Rec. Doc. 48-1, p. 1. *See also* Rec. Doc. 32-1, ¶ 4.
[10] *Id.* A "renewal copyright" under the Copyright Act of 1909 is essentially a new term of copyright protection that can be obtained after the term of the original copyright expires.
[11] Rec. Doc. 17, pp. 2–3.
[12] *See Stewart v. Abend*, 495 U.S. 207, 220 (1990) ("if the author dies before the commencement of the renewal period, the assignee holds nothing."). *See also* Rec Doc. 1, ¶ 108; Rec. Doc. 12-1, p. 14.
[13] Rec. Doc. 1, ¶ 74. *See Fred Fisher Music Co. v. M. Whitmark & Sons*, 318 U.S. 643 (1943); *Stewart v. Abend*, 495 U.S. 207 (1990).
[14] Rec. Doc. 32-4, p. 2.

renewal rights vested, the parties agree that the transfer of Smith's renewal rights to Windsong in the Initial Assignment was unenforceable, and Smith's heirs retained those renewal rights.[15] Later, Plaintiff Vetter Communications Corporation ("Vetter Communications") purchased Smith's heirs' Renewal Copyright interest (hereinafter referred to as "Vetter Communications' Renewal Copyright Interest").[16]

In 2019, Vetter transmitted a termination notice to Windsong pursuant to Section 304 of the Copyright Act of 1976 (the "Notice of Termination").[17] According to the Notice of Termination, Vetter sought to terminate all rights in the Song that he had granted Windsong through the Initial Assignment, and those rights would be "recaptured" by Vetter (hereinafter referred to as "Vetter's Recaptured Interest"). Also in 2019, Windsong sold its assets to Defendant.[18]

The Notice of Termination became effective on May 3, 2022.[19] Later in 2022, Plaintiffs allege they were approached by American Broadcasting Companies, Inc. ("ABC") regarding possible use of the Song on an episode of a television show to be broadcast worldwide.[20] After Plaintiffs provided ABC with a quote, ABC informed Plaintiffs that Defendant, notwithstanding the Notice of Termination, was claiming a twenty-five percent ownership interest in the Song.[21]

Plaintiffs later filed this lawsuit seeking a declaratory judgment of sole copyright ownership of the Song throughout the world.[22] Defendant moved to dismiss the Complaint

---

[15] Rec. Doc. 1, ¶¶ 108, 109. *See also* Rec. Doc. 12-1, pp. 12–13.
[16] Rec. Doc. 32-4, p. 3; Rec. Doc. 48-1, p. 1. *See also* Rec. Doc. 32-1, ¶¶ 6–7.
[17] *Id. See also* Rec. Docs. 1-6, 1-8.
[18] Rec. Doc. 1, ¶ 89.
[19] Rec. Doc. 32-4, p. 3; Rec. Doc. 48-1, p. 1. *See also* Rec. Doc. 1-8.
[20] Rec. Doc. 1, ¶¶ 93–94.
[21] *Id.* at ¶¶ 95–96.
[22] Rec. Doc. 1. The Court provided a detailed overview of the factual background in its prior Ruling on Defendant's Motion to Dismiss (*see* Rec. Doc. 28).

pursuant to Federal Rule of Civil Procedure 12(b)(6).[23] In that Motion, Defendant argued that Plaintiffs have no rights to the Song outside of the United States as a matter of law because copyright terminations and renewals have no effect in other countries.[24] In opposing the Motion, Plaintiffs argued Vetter Communications' Renewal Copyright Interest (which it purchased from Smith's heirs) and Vetter's Recaptured Interest (through the Notice of Termination) include both domestic and foreign rights to the Song.[25] Therefore, Plaintiffs argued that all of Defendant's rights to the Song have been cut off.[26]

The Court denied Defendant's Motion to Dismiss, finding that Defendant's legal theories were not established by binding authority and Plaintiffs' arguments were sufficiently plausible to survive dismissal.[27] The Ruling on that Motion outlines at length the parties' arguments, applicable law, and the Court's analysis.[28]

Plaintiffs filed the instant Motion for Summary Judgment shortly after the Court ruled on Defendant's Motion to Dismiss.[29] Plaintiffs maintain the material facts are undisputed and that the disagreement with Defendant is solely a legal issue regarding the geographic scope of copyright renewals and terminations.[30] Plaintiffs assert the Court has already resolved the legal issues in Plaintiffs' favor in ruling on the Motion to Dismiss and, therefore, summary judgment is warranted.[31]

The day after Plaintiffs moved for summary judgment, Defendant filed a Motion requesting that the Court, pursuant to 28 U.S.C. § 1292(b), amend its Ruling on

---

[23] Rec. Doc. 12.
[24] *Id. See also* Rec. Doc. 12-1.
[25] Rec. Doc. 17.
[26] *Id.*
[27] Rec. Doc. 28.
[28] *Id.*
[29] Rec. Doc. 30.
[30] *Id. See also* Rec. Doc. 30-1, pp. 2–3.
[31] *Id.*

Defendant's Motion to Dismiss to certify it for interlocutory appellate review.[32] In support of this Motion, Defendant rehashed at length its legal arguments previously asserted in support of its Motion to Dismiss.[33] The Court denied the Motion, reasoning that interlocutory appeal would not "materially advance the ultimate termination of the litigation," which is one of the requirements for certification under § 1292(b).[34]

Defendant also filed a Request for Continuance in Opposition to Plaintiffs' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(d).[35] Defendant sought extra time to respond to the Motion for Summary Judgment so that it could obtain "expert discovery" as to "fundamental issues of international law."[36] The Court denied Defendant's request because continuances under Rule 56(d) are meant for parties who lack adequate facts, and Defendant's proposed expert discovery would advance purely legal arguments on issues the Court had already analyzed in denying Defendant's Motion to Dismiss.[37]

Defendant later filed its substantive Opposition to the Motion for Summary Judgment,[38] and Plaintiffs subsequently filed a Reply.[39]

## II.    LAW AND ANALYSIS

In reviewing a party's motion for summary judgment, the Court will grant the motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[40] This determination is made "in the light most favorable to the

---

[32] Rec. Doc. 33.
[33] Rec. Doc. 33-1.
[34] Rec. Doc. 43.
[35] Rec. Doc. 37.
[36] *Id.* at p. 5.
[37] Rec. Doc. 44.
[38] Rec. Doc. 48.
[39] Rec. Doc. 49.
[40] FED. R. CIV. P. 56(a).

opposing party."[41] "When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial."[42] If the moving party satisfies its burden, "the non-movant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial."[43] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[44]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[45] All reasonable factual inferences are drawn in favor of the nonmoving party.[46] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[47] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment."[48]

In opposing Plaintiffs' Motion for Summary Judgment, Defendant does not argue that there are disputed points of material fact. Rather, Defendant only argues the Motion

---

[41] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).
[42] *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 333–34 (1986)).
[43] *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)).
[44] *Willis v. Roche Biomedical Lab., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[45] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson*, 477 U.S. at 248).
[46] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal citation omitted).
[47] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (internal citation omitted).
[48] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994).

should be denied "[b]ased upon the reasons and authorities set forth" in Defendant's prior briefs on its own Motion to Dismiss and Motion to Amend Order Pursuant to 28 U.S.C. § 1292(b).[49] In other words, Defendant contends the instant Motion for Summary Judgment should be denied solely on legal grounds.

The Court finds that Plaintiffs are entitled to summary judgment based on the undisputed facts in the record and the applicable law. Defendant has not pointed to any factual dispute or evidence which would preclude summary judgment. The Court adopts by reference in full the explanation and legal analysis of this dispute as set forth in its prior Ruling denying Defendant's Motion to Dismiss, as it represents the Court's conclusion on the application of the law to the facts of this case.[50] Defendant's reassertion of the same legal arguments the Court has rejected is insufficient to defeat Plaintiffs' Motion for Summary Judgment.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment[51] is GRANTED. Plaintiff Cyril E. Vetter is hereby declared to be the sole owner of all right, title, and interest throughout the world in Vetter's Recaptured Interest, and Plaintiff Vetter Communications Corporation is hereby declared to be the sole owner of all right, title, and interest throughout the world in Vetter Communications' Renewal Copyright Interest. Plaintiffs are collectively the sole and exclusive owners of the Song. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

[49] Rec. Doc. 48, p. 3.
[50] Rec. Doc. 28.
[51] Rec. Doc. 30.

Baton Rouge, Louisiana, this 29 day of January, 2025.

_____
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA